Mizenis, Appellant, v. Sands Motel, Inc. et al.,
Appellees█

[Cite as Mizenis v. Sands Motel, Inc. (1975),
50 Ohio App. 2d 226.]

(No. 969—Decided November 7, 1975.)

*Murray & Murray Co., L. P. A.,* for appellant.
*Messrs. Buckingham, Ramsey, Didelius & Holzapfel*
and *Mr. M. L. McDermond, Jr.,* for appellees.

Brown, P. J. This is an appeal from a summary judgment in favor of defendant Balconi and Smith, Inc., operators of the Sands Motel, arising out of an action by the plaintiff, a motel guest, who fell while descending an exterior stairway from a second floor motel room. The stairway was in a slippery and dangerous condition as the result of a natural accumulation of ice and snow.

The stipulation of facts by the parties, considered in reaching a summary judgment, contained, inter alia, the following facts:

"1. The only means of ingress and egress to plaintiff's motel unit consisted of two exterior stairways, of metal construction, located at opposite ends of the motel unit.

"2. Both exterior stairways were in a slippery and dangerous condition due to a failure on the part of the

motel to remove snow and ice that accumulated thereon. This slippery and dangerous condition had existed for three or more days prior to plaintiff's being assigned to his room. The accumulated ice and snow on these exterior stairways was made dangerous and slippery by virtue of the fact that it had been subjected to traffic by other persons and the surface had thereby become packed and hard.

"3. Plaintiff became aware of the dangerous and slippery condition upon first ascending the stairs to enter the motel room which had been assigned to him. Plaintiff immediately phoned the motel desk and complained of the dangerous condition of the stairs and asked that it be remedied.

"4. Plaintiff considered all other possible means of egress but there were none other than the two exterior stairways. Using great care, on the morning of January 22, 1970, plaintiff descended the stairway. Plaintiff again complained to the motel desk clerk of the condition of the stairways.

"5. In all it was on the fifth trip on the same stairs on January 22, 1970, that plaintiff fell.

"6. On all occasions on which the plaintiff used the stairway, plaintiff used great care for his own safety, on all occasions using the hand rails, moving very slowly and watching very carefully where he was going. On his last descent from his motel unit, plaintiff's foot slipped from underneath him, causing him to fall and to sustain an injury to his leg. At the time plaintiff fell, he had hands on both hand rails, was moving cautiously, and was carefully watching where he was going.

"7. Plaintiff had been a guest of the motel on several other previous occasions during the winter months. On all these prior occasions the motel had removed ice and snow from the stairways."

The plaintiff-appellant sets forth two assignments of error as follows:

"1. The trial court erred in finding that there is no duty upon a motel operator to remove natural accumulations of snow within a reasonable time from the exterior stair-

ways providing the only means of ingress and egress to the second floor occupants of the motel.

"2. The trial court erred in finding that the occupant of a second story motel who uses the only means of ingress and egress to his motel room, knowing that said means of ingress and egress is slippery, is charged with assuming the risk as a matter of law."

By granting summary judgment for defendants-appellees, the trial court, by implication, concluded that as a matter of law plaintiff was not entitled to recover for one or both of two reasons, namely: that reasonable minds could come to but one conclusion (1) that there was no duty owing by defendant to plaintiff concerning the accumulation of ice and snow on the exterior metal stairway where plaintiff fell and was injured, and, therefore, no negligence of defendant arose, and (2) plaintiff voluntarily assumed the risk of the snowy and icy conditions of the exterior metal stairway which precipitated plaintiff's fall and consequent injuries.

Stated another way, the trial court, by rendering a summary judgment for defendant, determined that pursuant to Civ. R. 56(C) there was no genuine issue as to any material fact concerning defendant's negligence — there being no negligence—or concerning plaintiff's assumption of the risk with regard to the snowy and icy condition of the exterior metal stairway—that as a matter of law plaintiff voluntarily assumed the risk and, therefore, defendant was entitled to a judgment in his favor.

A resolution of the question of whether there was a genuine issue of fact concerning defendant's negligence and the existence of plaintiff's voluntary assumption of the risk requires an analysis of the controlling judicial precedents applicable to this case.

*Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d. 38, and *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, upon which defendants rely, define the obligations of an occupier of premises to a business invitee and stand for the following legal propositions:

1. Where the owner or occupier of business premises

is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence.

2. The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon.

3. An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and *protect himself against them.*

4. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and *protect himself against them,* and such occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps of his premises.

Even if, for the sake of argument, plaintiff is placed in the same status as the plaintiffs in the *Debie* and *Sidle* cases, the first two legal propositions set out above are not applicable. In the present case, unlike *Debie* and *Sidle,* defendants did have actual notice that the ice and snow on the stairway created a condition substantially more dangerous to plaintiff than plaintiff should have anticipated by reason of his knowledge of conditions prevailing generally. Moreover, the failure of defendants as occupiers to remove the natural accumulations of snow and ice does not stand alone.

The third and fourth numbered propositions of law stated above, extracted from the *Sidle* case, raise genuine

issues when applied to the record in this case, for these reasons. The obvious and apparent danger of the snowy, icy stairway to plaintiff, as a business invitee, was not, as a matter of law, a danger that he might "reasonably be expected to protect himself against," because the exterior stairways were the only means of ingress and egress from his motel room. Plaintiff sought protection unsuccessfully by asking the motel manager to remedy the icy condition. Plaintiff's only other alternative for protecting himself, too absurd to suggest as a practical remedy, was to stay in his motel room until the spring thaws melted the snow and ice. As a minimum, reasonable minds should determine whether or not plaintiff should have protected himself in this or some other way. Therefore, summary judgment cannot be predicated upon the legal propositions contained in the *Debie* and *Sidle* cases.

Further, both *Debie* and *Sidle* distinguish and explain with approval *Oswald* v. *Jeraj* (1946), 146 Ohio St. 676, as a case which involves a landlord-tenant situation. *Oswald* is more closely akin to the factual situation and legal relationship of plaintiff as a motel guest of the defendants.

The obligation of a landlord to his tenant, or of an innkeeper to his guests, to keep stairways, entrances and hallways in a reasonably safe condition, does not arise expressly from the lease between landlord and tenant, or from the contract between the innkeeper and guest, but is implied because the use of stairways is necessary to gain access to the premises or to the guest's room, for which he contracted. It is stated in 29 Ohio Jurisprudence 2d 494, Inns & Restaurants, Section 20, that:

"Concerning the duty imposed by law upon an innkeeper to furnish safe premises to his guests and patrons * * * the innkeeper, who is not an insurer, must exercise reasonable care under the circumstances, his liability resting upon the same principles applicable in other cases where persons enter upon premises at the invitation of the owner or occupant and are injured in consequence of the dangerous condition of the premises."

Prosser, Torts (4th ed. 1971), page 407; annotation

49 A. L. R. 3d 387, 394; Degraff, *Snow and Ice,* 21 Cornell L. Q. 436, 447-453 (1936); *cf. Roth* v. *Trakas* (1930), 36 Ohio App. 136 and *Beaney* v. *Carlson* (1963), 174 Ohio St. 409, 411 (Shopping Centers); 29 Ohio Jurisprudence 2d, *supra.*

The Restatement of the Law 2d Torts, Para. 496E, has a comment on the necessity of voluntary assumption. The headnote reads:

"1. A plaintiff does not assume a risk of harm unless he voluntarily accepts the risk.

"2. The plaintiff's acceptance of a risk is not voluntary if the defendant's tortious conduct has left him no reasonable alternative course of conduct in order to (a) avert harm to himself or another, or (b) exercise or protect the right or privilege of which the defendant has no right to deprive him."

A motel guest's acceptance of a risk is not to be regarded as voluntary where the innkeeper's tortious conduct has forced upon him a choice of courses of conduct which leaves him no reasonable alternative to taking his chances. An innkeeper who, by his own wrong, has constrained the motel guest to choose between two evils cannot be permitted to say that the guest is barred from recovery because he made the wrong choice. The same is also true where the guest is compelled to accept the risk in order to exercise or protect a right or a privilege of which the innkeeper has no right or privilege to deprive him. A motel guest does not assume the risk of his innkeeper's negligence in maintaining a common passageway when it is the only exit from the premises.[2]

A motel guest cannnot be said as a matter of law to assume the risk voluntarily, though he knows the danger

[2]*Ritter* v. *Norman* (1913), 71 Wash. 563, 129 P. 103 (hotel guest suing proprietor of hotel); *Cumming* v. *Allied Hotel Corp.* (Mo. App., 1940), 144 S. W. 2d 177 (guest's action against hotel); *cf. Dollard* v. *Roberts* (1891), 130 N. Y. 269, 29 N. E. 104 (tenant's action against landlord); *cf. English* v. *Amidon* (1903), 72 N. H. 301, 56 A. 548 (employee-employer); *Brandt* v. *Thompson* (Mo., 1952), 252 S. W. 2d 339 (landlord-tenant); *Conroy* v. *Briley* (Fla. App., 1966), 191 So. 2d 601 (landlord-tenant).

and appreciates the risk, if at the time he was acting under such exigency or such urgent call of duty, or such constraint of any kind as in reference to the danger deprives his act of its voluntary character.[3]

In some cases the course of danger may be so extreme as to be out of all proportion to the value of the interest to be protected and the plaintiff may be charged with contributory negligence in his own unreasonable conduct. Prosser, *supra* at 452.

A basic element in assumption of the risk is venturousness. In the present case, we cannot conclude that merely because plaintiff Charles Mizenis going back and forth on the icy stairway to his motel room that he was being venturous. However, there may be an element of contributory negligence in his conduct upon which reasonable minds could differ, and thus a jury question of contributory negligence exists. This also raises a jury question as to whether or not defendant, as an innkeeper, acted in a way a reasonably prudent person would have acted; thus, a jury issue of negligence of the defendant arises.[4]

Accordingly, both assignments of error are well taken and the judgment of the Court of Common Pleas is reversed and this cause is remanded.

*Judgment reversed and cause remanded.*

WILEY and POTTER, JJ., concur.

---

[3] *English* v. *Amidon, supra* note 2.

[4] *Kindler* v. *Edwards* (1955), 126 Ind. App. 261, 130 N. E. 2d 491; *Abt* v. *Leeds & Lippincott Co.* (1932), 109 N. J. Law 311; 162 A. 525; *Hunn* v. *Windsor Hotel Co.* (1937), 119 W. Va. 215, 193 S. E. 57; Prosser, Torts (4th ed. 1971), 451; 40 American Jurisprudence 2d 972; Hotels, Motels, Etc., Section 99; Annotation 58 A. L R. 2d 1178, 1196; *cf. Buck* v. *Del City Apts. Inc.* (Okla. 1967), 431 P. 2d 360.