DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Patricia and Nasser Al-Sorghali, appeal a grant of summary judgment to appellees, Modene Associates, Inc. ("Modene"), Bayview Enterprises of Oregon, Ltd. ("Bayview"), and William D. Rogers, from the Lucas County Court of Common Pleas. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. In early May 2003, Patricia Al-Sorghali contacted Terry Golden, a real estate agent, and inquired about an unfinished home listed in Oregon, Ohio. After contacting the listing agent, Golden informed Patricia that she was not sure whether an open house was scheduled for that day; however, Golden told Patricia that she was welcome to "have a look inside" the home by entering the unlocked garage.
 {¶ 3} Approximately three weeks later, Patricia spontaneously decided to take a look at the home as she was driving in the area. She had not contacted either her real estate agent or the listing agent to notify them of her intent. No street signs were posted in the unfinished subdivision, but, when she found an unfinished home with a "for sale" sign in the yard, she stopped and spoke to a workman outside the home. The workman, William Rogers, an employee of Bayview, confirmed that the house matched the address she sought. Patricia expressed interest in the house, and, whether unsolicited or in response to a request on her part, Rogers told Patricia she was welcome to enter the house to have a look.
 {¶ 4} Patricia acknowledged that, as they traversed the driveway, Rogers advised her that entry steps to the home had not yet been poured or constructed, and that workers had been using an empty, upside-down five-gallon bucket to bridge the distance between the garage floor and the home's entry area. Both Rogers and Patricia estimated the distance between the lower garage floor and the home's first floor to be between two to three feet. Both Rogers and Patricia vaguely remembered that Rogers had to assist Patricia in stepping on the bucket and entering the house, but they were unclear as to the extent of his assistance.
 {¶ 5} After talking with Rogers about the home for approximately ten minutes, Rogers returned to work while Patricia continued to view the home on her own. After another five minutes had passed, Patricia walked back through the house to the point where she had entered. She saw Rogers in an adjacent room, standing with his back to her a few feet away. In deposition, Patricia claimed that she told Rogers twice that she was going to leave, but acknowledged that he showed no recognition of having heard her; Rogers stated that he did not hear Patricia say anything.
 {¶ 6} Patricia then decided to exit the house using the upside-down bucket. She stepped from the home's floor down onto the bucket with her right foot, and as she brought her left foot off the floor, the bucket either gave way or toppled over, and she fell to the garage floor, sustaining injury.
 {¶ 7} Appellants filed claims in negligence and loss of consortium, alleging that Bayview and Modene failed to provide a safe exit from the house and that Rogers breached his assumed duty to ensure that Patricia could exit the house safely. After discovery, appellees jointly moved for summary judgment. The trial court granted the motion, finding that appellees owed no duty to warn Patricia because the upside-down bucket constituted an "open and obvious" danger. Appellants filed this timely appeal, and set forth as their assignment of error:
 {¶ 8} "The Court of Common Pleas of Lucas County erred in granting appellees' motion for summary judgment by applying the doctrine of `open and obvious' danger to bar the negligence claim of appellant who had no reasonable alternative but to utilize an upturned bucket to exit the unfinished home."
 {¶ 9} Civ.R. 56(C) provides:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 11} "The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. Once this burden has been satisfied, the nonmoving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id." Konesky v. Wood Cty. Agricultural Soc. (2005),164 Ohio App.3d 839, 843. In order to overcome summary judgment, a non-moving party must advance specific, provable facts and not mere allegations; evidence of a possible inference is not sufficient. Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52.
 {¶ 12} A trial court is required to construe the evidence in a light most favorable to the non-moving party, determine whether any genuine issues of material fact exist, and determine whether reasonable minds could differ as to whether judgment should be entered against the non-moving party. Civ.R. 56(C). A court determines that but one conclusion is justifiable by examining the record for an absence of a genuine issue of material fact. "Determination of the materiality of facts is discussed inAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242. `As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' Id. at 248." Turner v. Turner
(1993), 67 Ohio St.3d 337, 340.
 {¶ 13} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Engel v. Corrigan (1983),12 Ohio App.3d 34, paragraph one of the syllabus. Thus, the appellate court is also required to resolve any doubt in favor of the nonmoving party and construe evidence against the moving party. Id.
 {¶ 14} In Ohio, a property owner or occupier has no duty to warn invitees to the property of dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. When a danger is obvious, a person "may reasonably be expected to discover" the danger and protect herself against it. Id. The obviousness of a danger supplies knowledge of it to an invitee, and removes the "sting of unreasonableness" from the danger. Id. at 48. The doctrine obviates an owner or occupier's duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best BuyCo., Inc. (2003), 99 Ohio St.3d 79, 80.
 {¶ 15} "It is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." Id. at 81, citing Menifee v.Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75, 77. The open and obvious danger doctrine "relates to the threshold issue of duty." Id. at 82. The inquiry focuses upon whether the danger is "so obvious" that the property owner is absolved from taking action to protect the plaintiff. When applying the doctrine, "the facts of each case must be examined to determine if a particular hazard was an open and obvious danger." Navarette v. Pertoria,Inc., 6th Dist. No. WD-02-070, 2003-Ohio-4222, at ¶ 19, citingMiller v. Beer Barrel Saloon (May 24, 1991), 6th Dist.App. No. 90-OT-050.
 {¶ 16} In Armstrong, the plaintiff could not prevail where he tripped over a shopping-cart guardrail that was "visible to all." Similarly, in Navarette, supra, summary judgment to the defendant restaurant was proper where the frozen-soda pop spill upon which the plaintiff slipped and fell was "clearly visible." In Steiner v. Ganley Toyota Mercedes Benz, 9th Dist. No. 20767, 2002-Ohio-2326, the plaintiff could not recover the injuries sustained when falling on a wet floor, even though he argued there was no viable alternative to walking on the wet floor, because he admitted that he saw the water in plain view and had traversed it previously without incident.
 {¶ 17} "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Baldauf v. KentState University (1988), 49 Ohio App.3d 46, 47, citing Scheibelv. Lipton (1951), 156 Ohio St. 308. Here, the parties do not dispute that Patricia was a business invitee, making the open and obvious danger doctrine applicable. As in Steiner, supra, Patricia admitted in deposition that the bucket was in plain view, that her act of stepping on the bucket was conscious and deliberate, and that she had previously traversed the upside-down bucket without incident.
 {¶ 18} Patricia argues that, once inside the house, she had no other alternative to exit the house other than stepping on the bucket. Thus, she argues that she could not have voluntarily assumed the risk of stepping on the bucket because she had no other means of exit available to her. In support, she citesHammond v. Moon (1982), 8 Ohio App.3d 66, which found genuine issues of material fact existed regarding a building owner's assumption of a duty to clear steps of accumulated ice and snow. The Hammond plaintiff fell after exiting her workplace via a back outdoor stair way which was covered in ice and snow. The plaintiff's employer had previously removed snow and ice from the front stairs, and testimony indicated that the employer often removed snow and ice from the back stairs as well. When the plaintiff left work, she was the last one in the building, she was instructed to lock the front door and exit via the back, and she had no key to exit otherwise.
 {¶ 19} Appellants cite Hammond for the proposition that, when faced with no viable alternative exit, an open and obvious danger encountered in using that exit becomes reasonable to use. That is, as appellants argue, Patricia had the right to leave the house, was "forced to take the only way out" available to her, and thus did not voluntarily assume any risk of harm from stepping on the bucket. Hammond, however, is inapposite here, as Hammond did not find the open and obvious doctrine applicable. Appellants also cite Mizenis v. Sands Motel, Inc.
(1977), 50 Ohio App.2d 226, upon which Hammond relies, and which also found a plaintiff not to have voluntarily assumed risk of harm where the only means of entering his room was to traverse a danger, specifically, icy metal stairs. Thus, Mizenis is also inapposite, as the open and obvious doctrine did not apply.
 {¶ 20} When Patricia was asked why she chose to step on the bucket, she explained that she did not want to be late for an appointment, and that since she had entered using the same route without incident, she did not expect it to be difficult to exit. She admitted that, if she had persisted in getting Rogers' attention to ask for assistance, he would have helped her, as their interactions had been friendly and polite. She also acknowledged in her deposition that, when she decided to exit the house, she knew stepping on the upside-down bucket was not as safe as stepping on a stair. She also acknowledged that she could have hopped down the two to three feet directly onto the garage floor, or she could have sat on the foyer floor and swung down; however, she stated she did not want to get her clothes dirty. She acknowledged that all of these options were available to her; she also acknowledged that Rogers explicitly notified her of the condition before she entered the home, and that she could have chosen to view the house at another time instead of entering it that day. Thus, Patricia was not faced with forced circumstances, as were the plaintiffs in Hammond and Mizenis; the Hammond
plaintiff had no choice but to enter and leave work, and theMizenis plaintiff had no option but to leave his hotel room. Moreover, as with the plaintiff in Steiner v. Ganley ToyotaMercedes Benz, supra, she had traversed the bucket previously and she was aware that using the bucket was not as safe as using stairs.
 {¶ 21} For those reasons, appellants' assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Singer, P.J., Glasser, J., concur.