OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Bernard Goldstone, appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Defendant-Appellee, Scacchetti's Inc., in Goldstone's slip and fall action against Scacchetti's. On appeal, Goldstone argues that the danger was not open and obvious and that attendant circumstances led to his fall. However, the evidence shows that Goldstone saw and appreciated the danger, that the condition was not unreasonably dangerous, and that there was nothing to distract Goldstone from avoiding the danger. Accordingly, the trial court properly granted summary judgment to Scacchetti's and its decision is affirmed.
 Facts {¶ 2} Scacchetti's owns and operates a restaurant in Austintown, Ohio. On May 15, 2004, Goldstone and a companion had dinner at the restaurant. After dinner, Goldstone visited the men's room. Goldstone described the room as lit, but not well-lit. Upon entering, he noticed that the floor near the urinal was wet, like it had been mopped. He avoided the wetness and used the urinal. While stepping back from the urinal to wash his hands in the sink, Goldstone slipped and fell. While lying on the ground, he felt water near his feet. Goldstone severely injured his neck as a result of the fall.
 {¶ 3} On April 5, 2005, Goldstone filed a complaint in negligence against Scacchetti's and a plumbing service which had worked on the plumbing in the men's room earlier on the day of Goldstone's injury. The plumbing service moved for summary judgment on February 26, 2007, and the trial court granted that motion on June 18, 2007.
 {¶ 4} On February 28, 2007, Scacchetti's moved for summary judgment, arguing that the water which Goldstone slipped in constituted an open and obvious danger. Goldstone's reply argued that Scacchetti's did not properly warn him of the danger, that the danger was not open and obvious, and that attendant circumstances prevented him from avoiding the danger. The trial court granted Scacchetti's motion for summary judgment on June 18, 2007.
 Standard of Review *Page 2 {¶ 5} Goldstone argues the following assignment of error on appeal:
 {¶ 6} "The trial court erred when it granted Defendant-Appellee Scacchetti's motion for summary judgment as genuine issues of material fact exist."
 {¶ 7} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829. Under Civ. R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-0186. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304.
 {¶ 8} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portionsof the record which demonstrate the absence of a genuine issue of facton a material element of the nonmoving party's claim." (Emphasis sic.)Dresher v. Burt, 75 Ohio St.3d 280, 296, 1996-Ohio-0107. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ. R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Dresher at 293.
 {¶ 9} In this case, Goldstone sued Scacchetti's for negligence. To sustain a claim of negligence, a plaintiff must show a duty owed by defendant to a plaintiff, a breach of that duty, injury or damages, and the existence of proximate cause between the breach and the injury or damages. Menifee v. Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75,77. Scacchetti's argues it owed Goldstone no duty. The existence of a duty is a question *Page 3 
of law. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
 {¶ 10} As a general rule, a landowner owes some duty to people on their property, but the exact nature of the duty owed to an individual depends on the status of the individual as an invitee, licensee, or trespasser on the property. Wheeling Lake Erie RR. Co. v. Harvey
(1907), 77 Ohio St. 235, 240. An invitee is one who enters the premises of another by invitation for some purpose that is beneficial to the owner or occupier. Gladon v. Greater Cleveland Regional TransitAuth., 75 Ohio St.3d 312, 315, 1996-Ohio-0137. A licensee is one who enters property with the owner or occupier's permission or acquiescence for purposes beneficial to the licensee and not the owner or occupier.Provencher v. Ohio Dept. of Transp. (1990), 49 Ohio St.3d 265, 266. A trespasser is one who enters property without invitation or permission, purely for his or her own purposes or convenience. McKinney v. Hartz Restle Realtors, Inc. (1987), 31 Ohio St.3d 244, 246.
 {¶ 11} In this case, Goldstone was a business invitee of Scacchetti's when he was injured in Scacchetti's bathroom. A business owner owes invitees a duty of ordinary care to maintain the premises in a reasonably safe condition. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. The business owner has a duty to warn its invitees of latent or hidden dangers. Id. Invitees have a duty to take reasonable precautions to avoid dangers that are patent or obvious. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Owners or occupiers of property owe no duty to warn invitees of open and obvious dangers on the premises. Id.
 Open and Obvious {¶ 12} "[T]he open-and-obvious doctrine is not concerned with causation but rather stems from the landowner's duty to persons injured on his or her property." Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 11. "[W]hen courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the *Page 4 
danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at ¶ 13.
 {¶ 13} In this case, the facts, when read in the light most favorable to Goldstone, shows that he walked into a "very small," restroom which was lit, but not well-lit, containing both a urinal and a commode. The size of the room was between 8 feet by 10 feet and 10 feet by 12 feet. Goldstone wanted to use the urinal, which was on the wall opposite the door. Goldstone testified that "there was not anything" that would obstruct his vision in the room. As Goldstone approached the urinal; he saw "a wet area that seemed to have been mopped in front of the urinal." After using the urinal, Goldstone intended to use the sink, which was to the left of the urinal. According to Goldstone, he "took a few steps backwards and I turned to the right to go to the sink. And I took a couple of steps and the next thing I know my feet went out from under me and I was on the floor." While on the floor, Goldstone reached down to his feet and felt water by his feet.
 {¶ 14} On appeal, Goldstone argues that the wetness which caused his fall is different than the wetness which he observed when he walked into the restroom. Goldstone did not specifically make this claim in his deposition, but even if we accept that fact as true for the purposes of summary judgment, Goldstone's testimony shows that he thought the floor had recently been mopped and that he knew there were wet areas on that floor. The wet condition of the floor was open and obvious to Goldstone. His arguments to the contrary are meritless.
 Attendant Circumstances {¶ 15} Goldstone argues that the trial court erred in granting summary judgment, even if the danger was open and obvious, because of attendant circumstances. The open and obvious rule does not apply if attendant circumstances prevent the invitee from discovering the otherwise open and obvious danger. Zuzan v. Shutrump, 155 Ohio App.3d 589,2003-Ohio-7285, at ¶ 15. An attendant circumstance includes "any distraction that would come to the attention of a pedestrian in the same circumstances *Page 5 
and reduce the degree of care an ordinary person would exercise at the time." Godwin v. Erb, 167 Ohio App.3d 645, 2006-Ohio-3638, at ¶ 36. In order to impose liability, "[t]he attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." McGuire v. Sears,Roebuck Co. (1996), 118 Ohio App.3d 494, 499.
 {¶ 16} Although Goldstone argues that attendant circumstances prevented him from exercising an ordinary degree of care when encountering the open danger of a wet floor, the record does not reveal any such circumstance. Goldstone was in a relatively small, locked bathroom with nothing blocking his vision. There is no evidence of any distraction.
 {¶ 17} Goldstone appears to argue that there are attendant circumstances if he was forced to encounter the danger, citingMizenis v. Sands Motel, Inc. (1975), 50 Ohio App.2d 226. However, this argument confuses the distinct doctrines of assumption of the risk and open and obvious danger.
 {¶ 18} In Mizenis, the court was asked to decide whether a plaintiff had assumed the risk when encountering a snow and ice covered stairway. In that case, the plaintiff was a motel guest who had to walk down an exterior stairway to exit the motel from a second-floor room. The court held that the plaintiff did not voluntarily assume the risk when encountering the stairway since he had "no reasonable alternative to taking his chances." Id. at 231.
 {¶ 19} This legal principle simply does not apply in this case since the doctrine of assumption of the risk is distinct from the open and obvious doctrine. "[T]he open-and-obvious doctrine * * * relates to the threshold issue of duty." Armstrong at ¶ 13. In contrast, implied assumption of risk (the form of the doctrine at issue inMizenis) assumes establishment of a prima facie case (including the duty element), and therefore is a traditional affirmative defense.Gallagher v. Cleveland Browns Football Co., 74 Ohio St.3d 427, 432, 1996-Ohio-0320, at footnote 3. The other forms of assumption of the risk (express and primary assumption of the risk) have no application in this case.
 {¶ 20} Under the open and obvious doctrine, it does not matter whether the invitee *Page 6 
had a viable alternative to encountering the open and obvious danger.Steiner v. Ganley Toyota Mercedes Benz, 9th Dist. No. 20767, 2002-Ohio-2326, at ¶ 13-20. Where a condition is patent or obvious, the business invitee is expected to protect himself, unless the condition is unreasonably dangerous. Sidle at paragraph one of the syllabus.
 {¶ 21} Even when the evidence is viewed in the light most favorable to Goldstone, we must conclude that any danger posed by the wet floor was open and obvious, that the condition was not unreasonably dangerous, and that no attendant circumstances distracted Goldstone from exercising the appropriate care to avoid the danger. Accordingly, the trial court properly granted summary judgment to Scacchetti's. Goldstone's sole assignment of error is without merit and the judgment of the trial court is affirmed.
 Vukovich, J., concurs. Waite, J., concurs. *Page 1