[Cite as *Poulson v. Fraternal Order of the Eagles, Inc.*, 2014-Ohio-554.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

PHILLIP POULSON

     Appellant

     v.

FRATERNAL ORDER OF THE EAGLES,
et al.

     Appellees

C.A. No.     13CA0011

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     12-CV-0199

DECISION AND JOURNAL ENTRY

Dated: February 18, 2014

BELFANCE, Presiding Judge.

{¶1} Phillip Poulson appeals the award of summary judgment to the Fraternal Order of the Eagles ("FOE") by the Wayne County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} On December 1, 2010, Mr. Poulson was with his son James Poulson at the FOE clubhouse in Wooster, Ohio. At approximately 4:30 in the afternoon, Mr. Poulson exited the FOE building and stepped onto the ramp outside. The ramp was icy, and Mr. Poulson slipped, falling to the ground and sliding to the bottom of the ramp. Mr. Poulson was injured in the fall.

{¶3} In March 2012, Mr. Poulson filed a complaint against the FOE, alleging negligence and negligence per se. The FOE answered and, subsequent to discovery, moved for summary judgment on Mr. Poulson's claims. Mr. Poulson filed a motion opposing the FOE's motion, and the FOE filed a reply. The trial court awarded summary judgment to the FOE, and

Mr. Poulson has appealed, raising two assignments of error for our review. For ease of discussion, we address Mr. Poulson's assignments of error together.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT WHERE THE FACTS RAISED JURY QUESTION WHETHER ATTENDANT CIRCUMSTANCES EXCEPTION APPLIED TO THE OPEN AND OBVIOUS DOCTRINE.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT ON THE OPEN AND OBVIOUS DOCTRINE WHERE THE HAZARD IS ONE THE BUSINESS INVITEE CANNOT AVOID.

{¶4} Mr. Poulson argues that the trial court erroneously applied the open-and-obvious doctrine in granting summary judgment on his claims. We agree in part.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine

issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶7} We initially note that Mr. Poulson set forth two causes of actions in his complaint: negligence and negligence per se. In his negligence per se cause of action, he alleged that the FOE had a duty under Ohio Basic Building Code Section 1010.8 to place handrails on both sides of the ramp, and, on appeal, he argues that the handrails were required by Wooster Codified Ordinance 1303.03, which requires compliance with the Ohio Basic Building Code. However, when the FOE moved for summary judgment, it never addressed Mr. Poulson's allegation about the violation of the Ohio Basic Building Code or his per se negligence claim. "[I]t is axiomatic that the trial court may not grant summary judgment in regard to any claim, where a party has not moved for judgment in regard to that claim." (Internal quotations and citation omitted.) *Rowe v. Striker*, 9th Dist. Lorain No. 07CA009296, 2008-Ohio-5928, ¶ 7. Thus, the trial court should not have granted summary judgment on Mr. Poulson's negligence per se claim.[1] Accordingly, to the extent Mr. Poulson challenges the trial court's erroneous application of the open-and-obvious doctrine to his negligence per se claim, his first assignment of error is sustained. *See Rowe* at ¶ 7.

---

[1] We briefly note that, in applying the open-and-obvious doctrine, the trial court determined that Mr. Poulson could not recover on his claim regarding the Ohio Building Code because any violations were open and obvious. *See Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, syllabus. However, while violations of administrative rules do not constitute negligence per se, violations of statutes or ordinances requiring compliance with the administrative rule can, *see Sikora v. Wenzel*, 88 Ohio St.3d 493 (2000), syllabus, and the open-and-obvious doctrine is not applicable in cases involving per se negligence. *Lang* at ¶ 15.

{¶8} Mr. Poulson also challenges the trial court's application of the law concerning his negligence claim. "Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises." *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), paragraph three of the syllabus. This is because "[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." *Id.* at paragraph two of the syllabus.

> When the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence.

*Debie v. Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St.2d 38 (1967), paragraph one syllabus. "The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon." *Id.* at paragraph two of the syllabus.

{¶9} In the FOE's motion for summary judgment, it argued that there was no evidence that the ice on the ramp was anything other than a naturally occurring accumulation and that Mr. Poulson had an awareness of the adverse weather conditions. It pointed to Mr. Poulson's deposition, in which he testified that the temperature was in the teens when he fell and that it was sleeting outside. Mr. Poulson argued in his motion in opposition that the hazard created by the icy ramp was unavoidable because the only way in and out of the FOE was via the ramp. He

also argued that the ice on the ramp was not open and obvious under the totality of the circumstances.

{¶10} The trial court, in applying *Debie*, determined that "[Mr.] Poulson ha[d] not offered any evidence that the FOE had superior knowledge of existing dangers that [Mr.] Poulson was not already aware of[.]" *See Debie* at paragraph one of the syllabus. Mr. Poulson has not challenged the trial court's conclusion on appeal and does not point to evidence demonstrating a dispute of fact regarding the FOE's superior knowledge. However, Mr. Poulson does argue that *Debie* and *Sidle* are not applicable to this case because there was only one way in and out of the FOE clubhouse, pointing to the Sixth District's decision in *Mizenis v. Sands Motel, Inc.*, 50 Ohio App.2d 226 (6th Dist.1975), for support.

{¶11} In *Mizenis*, the plaintiff was a hotel guest who occupied the second floor of a motel. *Id.* at 226. He was injured when he fell on the stairwell that was covered in snow and ice. *Id*. The parties stipulated that the only means of ingress and egress for the plaintiff were two stairwells at either end of the motel. *Id*. The parties also stipulated that snow and ice had accumulated on both stairwells, creating a slippery and dangerous condition that persisted for days, and that the plaintiff "used great care for his own safety, on all occasions using the hand rails, moving very slowly and watching where he was going." *Id*. at 226-227. They further stipulated that the plaintiff had first become aware of the condition of the steps when ascending the stairs to go to his room and he immediately called and asked that the condition be remedied. *Id.* at 227. The hotel did not remedy the condition, and the plaintiff traversed the steps with the snow and ice. *Id*. The plaintiff had also stayed at the motel on other occasions during the winter months and in those instances the motel had removed the snow and ice from the stairways. *Id*.

**{¶12}** Given the stipulated facts, the Sixth District considered whether the trial court erroneously granted summary judgment in concluding there was no genuine issue of fact concerning negligence and assumption of the risk. *Id*. at 228. Although the appellate court reached its decision based upon the innkeeper-guest status of the parties, it observed that, even assuming the plaintiff had the same status as the plaintiffs in *Debie* and *Sidle* (invitees), summary judgment could not be predicated upon the legal propositions in those cases. *Id*. at 229. With respect to the first two propositions of law expressed in *Debie* and *Sidle*, the court observed that, unlike *Debie* and *Sidle*, "defendants did have actual notice that the ice and snow on the stairway created a condition substantially more dangerous to plaintiff than plaintiff should have anticipated by reason of his knowledge of conditions prevailing generally." *Id*. The court also observed that "the failure of defendants as occupiers to remove the natural accumulations of snow and ice does not stand alone." *Id*. The court also found that the general rules expressed in *Sidle* were likewise inapplicable.[2] *Id*. at 229-230. It reasoned that "[t]he obvious and apparent danger of the snowy, icy stairway to plaintiff, as a business invitee, was not, as a matter of law, a danger that he might 'reasonably be expected to protect himself against,' because the exterior stairways were the only means of ingress and egress from his motel room." *Id.* at 230. The court found that, having attempted to protect himself by calling and complaining to the desk clerk, the only other means of protection would have been to stay in his room until the ice thawed. *Id*. The

---

[2] These propositions of law included (1) "An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them;" and (2) "The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them, and such occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps of his premises." *Mizenis* at 229.

court thus concluded that at a minimum there was a dispute of fact as to whether the plaintiff should have protected himself in some other way. *Id*.

{¶13}   In the instant matter, there are numerous distinctions present in this case from *Mizenis* such that Mr. Poulson's reliance upon that case is misplaced.  As noted above, the *Mizenis* court predicated its holding upon the innkeeper-guest status of the parties. *See Mizenis*, 50 Ohio App.2d at 230-232.  In addition, the critical facts existing forming the basis of the court's observation that the legal principles of *Debie* and *Sidle* were inapplicable are not present in this case.  The most prominent distinctions include the fact that in this case the FOE was not given actual notice of an ice or snow problem and asked to rectify it.  In addition, unlike the parties in *Mizenis*, the parties here did not stipulate that the only means of ingress and egress at the FOE was the regular doorway.  Furthermore, unlike *Mizenis*, an alternative exit actually did exist at the FOE, albeit one typically reserved for the FOE's employees, such that the regular doorway was not the only means of ingress and egress to the establishment.  Thus, to the extent that Mr. Poulson argues that the trial court incorrectly failed to apply the reasoning of *Mizenis* to this case, we do not find his argument well taken.

{¶14}   Accordingly, to the extent Mr. Poulson challenges the trial court's award of summary judgment on his negligence claim, his limited arguments are without merit.

III.

{¶15}   Mr. Poulson's first assignment of error is sustained in part and overruled in part, and his second assignment of error is overruled.  The matter is remanded for further proceedings on Mr. Poulson's claim of per se negligence.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

CHARLES A. KENNEDY, Attorney at Law, for Appellant.

LOUIS M. DEMARCO and JAMES J. REAGAN, Attorneys at Law, for Appellee.

RALPH F. DUBLIKAR, Attorney at Law, for Appellee.