[Cite as *Hatto v. McLaughlin*, 2020-Ohio-3374.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

EARL HATTO,                                              :

    Plaintiff-Appellant,                    :

                                                 No. 109307

    v.                                                  :

THOR D. MCLAUGHLIN,                         :

    Defendant-Appellee.                     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-902389

---

***Appearances:***

Benedict P. Miralia, *for appellant.*

Gallagher Sharp L.L.P., Craig A. McClelland, and Robert
P. Lynch, Jr., *for appellee.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Plaintiff-appellant Earl Hatto brings the instant appeal challenging the trial court's judgment granting summary judgment in favor of defendant-appellee Thor McLaughlin (hereinafter "McLaughlin") in appellant's negligence action. Appellant argues that summary judgment was improper because McLaughlin

breached the common law duty of care he owed to appellant, and McLaughlin was negligent per se. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant appeal pertains to an accident that occurred on December 25, 2016, at a residential property in Cleveland's Old Brooklyn neighborhood. The residential property at issue is located at 4703 Spokane Avenue, Cleveland, Ohio 44144. Appellant was a tenant at the property from January 2014 to September 2017, residing in Unit 1 on the first floor.

{¶ 3} When appellant first moved into the apartment, the premises owner was Dan Repicky. McLaughlin obtained ownership of the premises in the spring of 2016.

{¶ 4} Outside of appellant's apartment door, there is a stairway — a landing followed by three steps — leading down to the front door of the building.

{¶ 5} According to appellant, there was a handrail on the stairway at some point before appellant moved into the apartment in 2014. Appellant asserted that Repicky removed the handrail from the stairway at issue, installed the handrail on a stairway in a different building, and never replaced the handrail.

{¶ 6} On December 25, 2016, around 10:00 a.m., appellant slipped and fell while walking down the stairs from his apartment to the building's front door. Appellant was holding a garbage bag in his right hand, and he had his left hand on the wall. Appellant testified at his deposition that he slipped on rock salt that had been spilled on the stairs. *See* appellant's deposition at 33.

{¶ 7} Appellant sustained an injury to his right ankle. According to appellant, he underwent multiple surgeries to repair the injuries sustained during the slip and fall.

{¶ 8} On August 18, 2018, appellant filed a complaint against McLaughlin and ten of McLaughlin's "employees, servants, and/or representatives[.]"[1] *See* complaint at ¶ 2. In his complaint, appellant alleged that the accident was a direct and proximate result of "the recklessness, willfulness, wantonness, carelessness, maliciousness, intentional conduct, and/or negligence" of McLaughlin or his associates. *See id.* at ¶ 3. Appellant alleged that as a result of the negligence, recklessness, willfulness, wantonness, or omissions of McLaughlin or his associates, appellant "was personally injured; incurred medical care and treatment; sustained severe pain, suffering, anxiety, and a loss of ability to perform the usual activities of life; and incurred other damages and expenses to be proven at trial." *Id.* at ¶ 4. Appellant requested judgment against McLaughlin and his associates, jointly and severally, in excess of $25,000 plus interest, costs, and attorney fees.

{¶ 9} McLaughlin filed an answer on September 12, 2018, raising several affirmative defenses. McLaughlin asserted, in relevant part, that "[t]he conditions there and then existing were open and obvious to [appellant] and therefore [appellant's] claims are barred."

---

[1] Appellant identified McLaughlin's employees and representatives as "John/Jane Does #1 through #10."

{¶ 10} On June 13, 2019, McLaughlin filed a motion for summary judgment. Therein, McLaughlin argued that (1) appellant failed to establish that McLaughlin had actual or constructive knowledge of the defect or caused the defect; (2) appellant's testimony established that appellant was aware of the purported hazard (rock salt on the steps) and failed to inform McLaughlin of the hazard; and (3) appellant's negligence claim failed under the open and obvious hazard doctrine.

{¶ 11} On July 10, 2019, appellant filed a brief in opposition to McLaughlin's summary judgment motion. Therein, appellant argued that summary judgment was improper because (1) McLaughlin breached the common law duty of care he owed to appellant; (2) appellant's negligence action was not barred by the open and obvious hazard doctrine; and (3) even if the open and obvious doctrine applied, McLaughlin was still liable based on the attendant circumstances exception.

{¶ 12} Appellant's brief in opposition focused entirely on his common law, premises liability negligence claim. Appellant did, however, allege that the lack of a handrail on the stairway at issue constituted a "patent defect."

{¶ 13} On July 17, 2019, McLaughlin filed a reply brief in support of his motion for summary judgment. First, with respect to appellant's argument about the rock salt on the steps, McLaughlin argued that appellant's negligence claim failed under the open and obvious hazard doctrine because appellant was aware of the rock salt, the rock salt had been present for a few days, and the open and obvious nature of the condition obviated McLaughlin's duty to warn appellant. Second, with respect to appellant's argument about the lack of a handrail on the stairway,

McLaughlin argued that appellant never testified or presented evidence establishing that he fell as a result of the lack of a handrail. Furthermore, McLaughlin submitted the testimony and expert report of certified architect Richard Peter Kraly. Kraly concluded that the stairway at issue, which did not contain a handrail, was in compliance with the applicable building code, and as a result, McLaughlin was not negligent per se. Appellant failed to present any evidence contradicting the testimony or opinion of McLaughlin's expert that McLaughlin was in compliance with the building code.

{¶ 14} On August 26, 2019, the trial court denied McLaughlin's motion for summary judgment. The trial court concluded that a question of fact existed for trial regarding whether the lack of a handrail on the stairway at issue violated the applicable building code and constituted a violation of McLaughlin's statutory duty under R.C. 5321.04, such that McLaughlin was negligent per se.[2] The trial court noted that the open and obvious hazard doctrine will not bar a plaintiff's negligence action if the landlord violated its statutory duties under Ohio's Landlord-Tenant Act and R.C. 5321.04.

{¶ 15} On September 6, 2019, McLaughlin filed a motion for reconsideration. Therein, McLaughlin argued that Kraly's expert testimony eliminated any disputes of material fact regarding the issue of negligence per se, and as a result, McLaughlin

---

[2] *See Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 23.

was entitled to judgment as a matter of law. Appellant did not file a brief in opposition or otherwise respond to McLaughlin's motion for reconsideration.

{¶ 16} On November 22, 2019, the trial court granted McLaughlin's motion for reconsideration and entered summary judgment in McLaughlin's favor. The trial court concluded that appellant failed to come forward with any evidence contradicting or disputing Kraly's testimony and expert report regarding McLaughlin's compliance with the building code and the issue of negligence per se. The trial court further found that appellant believed that the rock salt that caused him to fall on the stairs had been on the stairs for a few days, such that McLaughlin did not have a duty to remove the salt or warn appellant because the danger was obvious and apparent.

{¶ 17} On December 16, 2019, appellant filed the instant appeal challenging the trial court's November 22, 2019 judgment granting McLaughlin's motion for reconsideration and entering summary judgment in McLaughlin's favor. Appellant assigns one error for review:

> I. The trial court erred in granting summary judgment to Defendant-Appellee Thor McLaughlin.

## II. Law and Analysis

### A. Summary Judgment

{¶ 18} In his sole assignment of error, appellant argues that the trial court erred by granting summary judgment in favor of McLaughlin.

### 1. Standard of Review

{¶ 19} Summary judgment, governed by Civ.R. 56, provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial.  In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party."  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

{¶ 20} The moving party has the initial responsibility of establishing that it is entitled to summary judgment.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).  "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact."  *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

{¶ 21} Once the moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the burden shifts to the nonmoving party to put forth evidence demonstrating the existence of a material issue of fact that would preclude judgment as a matter of law.  *Dresher* at *id.*  In order to meet his burden, the nonmoving party may not merely rely upon allegations or denials in

his or her pleadings, and must set forth specific facts, by affidavit or as otherwise provided in Civ.R. 56(E), demonstrating the existence of a genuine issue of material fact for trial. *See Houston v. Morales*, 8th Dist. Cuyahoga No. 106086, 2018-Ohio-1505, ¶ 7, citing *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Dresher* at *id.*

## 2. Negligence

{¶ 22} It is undisputed that McLaughlin, as owner of the premises and landlord, owed a common law duty of care to appellant, as tenant. *See Carter v. Forestview Terrace L.L.C.*, 2016-Ohio-5229, 68 N.E.3d 1284, ¶ 15-16 (8th Dist.).

> In order for a tenant to establish a landlord's negligence under common law premises liability, the plaintiff must show: (1) the existence of a duty; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Robinson*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, [at] ¶ 21. However, where the matter involves a question of the existence of a hazardous condition or defect, actual or constructive notice of the hazard or defect is a prerequisite to a landlord's duty. *Waugh v. Lynch*, 8th Dist. Cuyahoga No. 100432, 2014-Ohio-1087, ¶ 10; *Heckert v. Patrick*, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984). Further, a landlord has no common law duty of care regarding dangers that are open and obvious. *Robinson* at ¶ 35[.]

*DeFreeze v. Lynch*, 8th Dist. Cuyahoga No. 107090, 2019-Ohio-699, ¶ 13.

{¶ 23} As noted above, in his motion for summary judgment, McLaughlin argued that he was entitled to judgment as a matter of law because appellant's negligence claim failed under the open and obvious hazard doctrine.

{¶ 24} Under the open and obvious hazard doctrine, a landlord's duty of reasonable care to maintain the premises is obviated. *Carter* at ¶ 17, citing *Mann v. Northgate Investors, L.L.C.*, 2012-Ohio-2871, 973 N.E.2d 772, ¶ 9 (10th Dist.).

> This doctrine espouses the rule that where a danger is "open and obvious," a landowner owes no duty of care to individuals lawfully on the premises. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 14, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968). The rationale for this doctrine is that the open and obvious nature of the hazard itself serves as a warning and one may undertake appropriate measures to protect himself or herself against it. [*Mann*], citing *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Armstrong* at ¶ 13.

*Carter* at ¶ 17.

{¶ 25} In the instant matter, the trial court concluded that McLaughlin did not have a duty to remove the rock salt from the steps or warn appellant of the danger of the rock salt on the steps because appellant was aware of the presence of rock salt on the steps. The trial court noted that appellant "believed the salt had been [on the steps] for a few days as it was sunny on the day [appellant] fell."

{¶ 26} After reviewing the record, we find that any danger posed by the presence of the rock salt on the steps was open and obvious, such that McLaughlin had no duty to warn appellant about the rock salt on the steps.

{¶ 27} In his brief, appellant asserts that the rock salt had been applied to the exterior steps "*a couple of days earlier* and [the rock salt] was also on the stairs inside of the apartment building near [appellant's] apartment." (Emphasis added.)

Appellant's brief at 4. Appellant testified during his deposition that he slipped on the rock salt that was on the steps. Although appellant was not certain when the rock salt was placed on or transferred to the steps, he confirmed that the rock salt was not spread on the ground the morning of the accident (December 25, 2016). Rather, appellant asserted that the rock salt was "from the previous couple of days," and he recalled the weather being "sunny" on the day of the accident. Appellant's deposition at 32-33. In his brief in opposition to McLaughlin's motion for summary judgment, appellant acknowledged that the rock salt upon which he slipped and fell "existed on the stairs for a couple of days." Brief in opposition at 4; appellant deposition at 34. Appellant testified during his deposition that he had no trouble seeing the stairway or steps. The accident occurred around 10:00 a.m., and appellant asserted that the area was well lit at the time of the accident. As appellant descended the stairway, he was looking down and nothing was obstructing his view.

{¶ 28} In opposing McLaughlin's motion for summary judgment, appellant argued that the open and obvious hazard doctrine was inapplicable because the stairs on which he slipped and fell were the only means of egress and ingress from the front door of the building to his apartment. Appellant directed the trial court to *Mizenis v. Sands Motel, Inc.*, 50 Ohio App.2d 226, 362 N.E.2d 661 (6th Dist.1975). Appellant also relies on *Mizenis* in his appellate brief in support of his argument that his negligence claim was not barred by the open and obvious hazard doctrine.

{¶ 29} In *Mizenis*, the plaintiff, a guest at defendant's motel, had to walk down an exterior stairway in order to exit his second-floor motel room. The exterior

stairway was covered by a natural accumulation of ice and snow. On appeal, the issue was whether the plaintiff had assumed the risk of accessing the stairway. The Sixth District held that the plaintiff did not voluntarily assume the risk when accessing the stairway because plaintiff brought the condition to the attention of the motel manager, the manager failed to remedy the condition, and the stairway was the only means to exit the premises. *Id.* at 230-232.

{¶ 30} In the instant matter, appellant's reliance on *Mizenis* is entirely misplaced. First, unlike *Mizenis*, appellant failed to bring the rock salt or the lack of a handrail to the attention of management or a representative of McLaughlin or ask that the conditions be remedied. Furthermore, the doctrine at issue in *Mizenis*, the assumption of the risk doctrine, is entirely distinct from the doctrine at issue in this case, the open and obvious hazard doctrine. As noted above, the open and obvious hazard doctrine pertains to the threshold issue of a defendant's duty. The assumption of the risk doctrine pertains to an affirmative defense once a prima facie case of negligence has been established. *See Daher v. Bally's Total Fitness*, 11th Dist. Lake No. 2014-L-061, 2015-Ohio-953, ¶ 31, citing *Goldstone v. Scacchetti's, Inc.*, 7th Dist. Mahoning No. 07 MA 112, 2008-Ohio-2563, ¶ 17.

> Under the open and obvious doctrine, it does not matter whether the invitee had a viable alternative to encountering the open and obvious danger. *Steiner v. Ganley Toyota[-]Mercedes Benz*, 9th Dist. [Summit] No. 20767, 2002-Ohio-2326, [] ¶ 13-20. Where a condition is patent or obvious, the business invitee is expected to protect himself, unless the condition is unreasonably dangerous. *Sidle*[, 13 Ohio St.2d 45, 233 N.E.2d 589,] at paragraph one of the syllabus.

*Goldstone* at ¶ 20. Because the instant matter involves the open and obvious hazard doctrine, *Mizenis* is inapposite.

{¶ 31} Based on the foregoing analysis, we find that appellant's negligence claim fails as a matter of law under the open and obvious doctrine. Appellant's testimony established that he slipped and fell on the rock salt that was present on the steps, the rock salt had been present for a couple of days before the slip and fall, and nothing was obstructing appellant's view of the stairway or the presence of the rock salt thereon at the time of the accident. The open and obvious nature of any danger posed by the presence of rock salt on the steps obviated any duty McLaughlin had to warn appellant of the danger and barred appellant's negligence claim for injuries related to the open and obvious hazard. *See Goodman v. McDonald's Corp.*, 8th Dist. Cuyahoga No. 107268, 2019-Ohio-2216, ¶ 22, citing *Hammond v. Cleveland*, 8th Dist. Cuyahoga No. 97174, 2012-Ohio-494, ¶ 11, and *Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088.

{¶ 32} The presence of rock salt on the steps on which appellant slipped and fell constituted an open and obvious condition that appellant should have, and did, in fact, observe, and take appropriate measures to protect himself against as he descended the stairs to the building's front door.

{¶ 33} Finally, appellant appeared to argue in his brief in opposition to McLaughlin's summary judgment motion that summary judgment was inappropriate based on the attendant circumstances exception to the open and obvious doctrine.

Attendant circumstances, however, can create an exception to the open and obvious doctrine and render summary judgment inappropriate. *Johnson v. Regal Cinemas, Inc.*, 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761, ¶ 23. An "attendant circumstance" is "any significant distraction that would divert the attention of a reasonable person in the same situation and thereby reduce the amount of care an ordinary person would exercise to avoid an otherwise open and obvious hazard." *Haller v. Meijer, Inc.*, 10th Dist. Franklin No. 11AP-290, 2012-Ohio-670, ¶ 10; *Daher*[,] 11th Dist. Lake No. 2014-L-061, 2015-Ohio-953, [at] ¶ 27 (finding that the "attendant circumstances" of a slip and fall may create a material issue of fact as to whether the danger was open and obvious). Such attendant circumstances include "'all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event.'" *Johnson*, quoting *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 20.

*Carter*, 2016-Ohio-5229, 68 N.E.3d 1284, at ¶ 18.

{¶ 34} In the instant matter, appellant alleged that the attendant circumstances exception to the open and obvious doctrine applied because the stairway on which he slipped and fell was the only point of ingress and egress to his apartment. Appellant's argument is misplaced.

{¶ 35} As noted above, appellant testified during his deposition that his view of the stairway and the steps was not obstructed in any way, and that the area was well lit. Appellant failed to establish that his attention was diverted in any way by a distraction, much less a significant distraction, at the time of the accident. Accordingly, the attendant circumstances exception is inapplicable.

{¶ 36} For all of the foregoing reasons, and viewing the evidence in favor of appellant, as the nonmoving party, we find that there are no genuine issues of

material fact that existed for trial. The trial court properly granted summary judgment in favor of McLaughlin in this respect.

### 3. Negligence Per Se

{¶ 37} In his brief in opposition to McLaughlin's motion for summary judgment, appellant appeared to raise a statutory negligence per se claim. Specifically, appellant alleged that the stairway on which he slipped and fell was hazardous because it did not have a handrail on either side of the steps, and that the lack of a handrail was a patent defect.

{¶ 38} In addition to common law negligence, a tenant may also establish a landlord's negligence under R.C. 5321.01 et seq., the Landlord-Tenant Act, for injuries that are proximately caused by the landlord's failure to fulfill the duties set forth in R.C. 5321.04(A). *Shroades v. Rental Homes, Inc.*, 68 Ohio St.2d 20, 427 N.E.2d 774 (1981). R.C. 5321.04 provides, in relevant part,

> (A) A landlord who is a party to a rental agreement shall do all of the following:
>
> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
>
> (3) Keep all common areas in a safe and sanitary condition;
>
> (4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him[.]

{¶ 39} A landlord's failure to fulfill the duties imposed by Ohio's Landlord-Tenant Act constitutes negligence per se. *DeFreeze*, 8th Dist. Cuyahoga No. 107090, 2019-Ohio-699, at ¶ 15. When a plaintiff establishes that a landlord violated these duties, the plaintiff's burden to establish the existence of a duty and the breach of that duty is extinguished. *Id.*, citing *Allstate Ins. Co. v. Henry*, 12th Dist. Butler No. CA2006-07-168, 2007-Ohio-2556, ¶ 9-10, and *Sikora v. Wenzel*, 88 Ohio St.3d 493, 727 N.E.2d 1277 (2000), syllabus.

{¶ 40} "A finding of negligence per se, however, does not result in strict liability, as application of negligence per se merely establishes that the defendant breached a duty owed to plaintiff." *Carter*, 2016-Ohio-5229, 68 N.E.3d 1284, at ¶ 25, citing *Mann*, 2012-Ohio-2871, 973 N.E.2d 772, at ¶ 10, and *Shroades* at 25.

{¶ 41} As an initial matter, we note that appellant testified during his deposition that his slip and fall was caused by the presence of the rock salt on the steps. Appellant did not testify, nor present evidence indicating that he fell as a result of the lack of a handrail. Furthermore, appellant did not know whether the applicable building code required a handrail on the stairway at issue, which contained three steps. Appellant's deposition at 27-28.

{¶ 42} The trial court concluded that appellant failed to meet his burden of demonstrating the existence of a genuine issue of material fact regarding the stairway's compliance with the building code and whether McLaughlin was negligent per se. The trial court emphasized that appellant failed to present any

evidence that contradicted the evidence submitted by McLaughlin and his expert witness Kraly.

{¶ 43} In his reply brief in support of his motion for summary judgment, McLaughlin presented the testimony and expert report of Kraly. Kraly opined that McLaughlin's property and the stairway on which appellant slipped and fell complied with the relevant and applicable building code sections,[3] and that the lack of a handrail on the stairway did not constitute a "serious hazard."[4] As a result, Kraly concluded that McLaughlin's failure to install a handrail on the stairway at issue did not constitute negligence per se. Appellant failed to come forward with any evidence that disputed or contradicted Kraly's testimony.

{¶ 44} After reviewing the record, we find that appellant failed to demonstrate the existence of a genuine issue of material fact regarding his negligence per se claim.

{¶ 45} As an initial matter, we note that appellant argues, for the first time in his appellate brief, that the applicable building code required McLaughlin to install a handrail on the stairway on which appellant slipped and fell. In support of this argument, appellant cites a 1984 Ohio Attorney General Opinion, Section 1001.3 of the Ohio Building Code, and the Ohio Fire Code. Appellant did not, however, raise

---

[3] At the time of the December 2016 accident, the 2011 Ohio Building Code ("2011-OBC") was in effect.

[4] A "serious hazard" is defined in Chapter 2 of the 2011-OBC as "[a] hazard of considerable consequence to safety or health through the design, location, construction, or equipment of a building, or the condition thereof, which hazard has been established through experience to be of certain or probable consequence, or which can be determined to be, or which is obviously such a hazard."

any of these arguments in opposing McLaughlin's motions for summary judgment or reconsideration, nor did appellant present any evidence to this effect in order to demonstrate the existence of a genuine issue of material fact. Appellant summarily asserted in his brief in opposition to McLaughlin's motion for summary judgment, without citation to any applicable code sections or legal authority or further development of the assertion, that the lack of a handrail on the stairway was a "patent defect."

{¶ 46} A basic tenant of appellate jurisdiction is that a party may not raise an argument on appeal that was not raised below. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). "A party who fails to raise an issue in the trial court waives the right to raise it on appeal." *Rimmer v. CitiFinancial, Inc.*, 8th Dist. Cuyahoga No. 108081, 2020-Ohio-99, ¶ 37, citing *Harding Pointe, Inc. v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-4885, 1 N.E.3d 804, ¶ 43 (10th Dist.).

{¶ 47} We summarily reject appellant's claims regarding McLaughlin's failure to comply with the Ohio Attorney General's 1984 Opinion, Section 1001.3 of the Ohio Building Code, and the Ohio Fire Code. These claims were not raised below in opposing McLaughlin's motion for summary judgment or motion for reconsideration, and as a result, they are not properly presented for review in this appeal.

{¶ 48} The expert testimony presented by McLaughlin established that the stairway was in compliance with the building code, and the lack of a handrail on the stairway did not constitute a "serious hazard." Kraly further opined that appellant

failed to demonstrate that the conditions of the stairway were in violation of the Landlord-Tenant Act. Kraly's findings and conclusions were rendered "based upon a reasonable degree of architectural certainty."

{¶ 49} Appellant failed to establish that McLaughlin's failure to replace the handrail on the stairway on which appellant slipped and fell constituted a violation of R.C. 5321.04 and negligence per se, or a violation of the building code. Furthermore, assuming, arguendo, that McLaughlin's failure to install a handrail on the stairway at issue constituted negligence per se, appellant did not allege, much less demonstrate, that the lack of a handrail was the proximate cause of his slip and fall. *See Capella v. Historic Developers, L.L.C.*, 12th Dist. Butler No. CA2017-07-109, 2018-Ohio-546, ¶ 43, citing *Johnston v. Filson*, 12th Dist. Clinton No. CA2014-04-007, 2014-Ohio-4758, ¶ 10 (emphasizing that negligence per se does not relieve a plaintiff of his or her obligation to prove that the defendant's breach of a statutory duty was the proximate cause of the plaintiff's injury).

{¶ 50} As noted above, appellant testified during his deposition that he slipped and fell on the rock salt. Appellant also testified that as he descended the stairway, he had a garbage bag in his right hand, and his left hand was on the wall.

{¶ 51} In his appellate brief, appellant contends that his deposition testimony about his hand being on the wall "provides sufficient evidence that the lack of a handrail caused, or at least contributed to, [appellant's] fall." Appellant's brief at 6. To the extent that appellant contends that had his hand been on a handrail rather than on the wall, he would not have slipped and fell, this argument is entirely

speculative and appellant has failed to come forward with any evidence to this effect. Accordingly, appellant cannot demonstrate the existence of a genuine issue of material fact regarding whether the lack of a handrail was the proximate cause of his slip and fall.

{¶ 52} For all of the foregoing reasons, and viewing the evidence in favor of appellant as the nonmoving party, we find that there are no genuine issues of material fact that existed for trial. The trial court properly granted summary judgment in favor of McLaughlin in this respect.

{¶ 53} Appellant's sole assignment of error is overruled.

{¶ 54} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., CONCUR