[Cite as *Ianetta v. Joyce Passov Commercial Property Mgt., L.L.C.*, 2021-Ohio-4520.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOSEPH IANETTA,   :

    Plaintiff-Appellant,   :

No. 110581

    v.   :

JOYCE PASSOV COMMERCIAL   :
PROPERTY MANAGEMENT, L.L.C.,
ET AL.,   :

    Defendants-Appellees.   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 23, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931736

---

### *Appearances:*

Charles V. Longo, Co., L.P.A., and Charles V. Longo, *for appellant.*

Keith D. Thomas, *for appellees.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Plaintiff-appellant Joseph Ianetta ("appellant") brings this appeal challenging the trial court's judgment granting summary judgment in appellant's negligence action in favor of defendants-appellees, Cosmo-Eastgate, Ltd., Marc

Glassman, Inc., d.b.a. Marc's Grocery & Pharmacy Store, and Marc's Grocery & Pharmacy Store in Mayfield Heights (collectively "defendants"). Appellant argues that the trial court erred in concluding that the speed bumps upon which appellant tripped and fell were an open and obvious condition. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} This appeal arose from an incident that occurred on the morning of September 30, 2018. Appellant was shopping at Marc's Grocery & Pharmacy Store in Mayfield Heights, Ohio (hereinafter "Marc's"). Appellant arrived at the store around 7:30 a.m. and was inside for no longer than 15 minutes.

{¶ 3} Upon exiting the store, around 7:45 a.m., appellant tripped and fell over a speed bump in the store's parking lot. As a result of the fall, appellant sustained an elbow fracture and a cut on his chin. At a nearby emergency department, appellant received four or five stiches to repair the cut on his chin. Appellant's elbow injury required surgical intervention.

{¶ 4} On April 7, 2020, appellant filed a complaint against defendants.[1] Therein, appellant asserted causes of action for negligence and spoliation of evidence (alleging that the speed bumps were removed from the parking lot by defendants within hours of appellant's fall).

---

[1] In addition to the defendants identified above, appellant filed his complaint against defendant Joyce Passov Commercial Property Management, L.L.C. Appellant dismissed this defendant from the case, without prejudice, on May 28, 2020.

{¶ 5} On March 5, 2021, defendants filed a motion for summary judgment. Therein, defendants argued that appellant's negligence claim failed as a matter of law because the speed bumps upon which appellant tripped and fell were an open and obvious condition. Furthermore, defendants Marc's and Marc Glassman, Inc., d.b.a. Marc's Grocery & Pharmacy Store argued that they were entitled to summary judgment because the lease agreement between Marc's and defendant Cosmo-Eastgate provided that the parking lot was under the exclusive control of defendant Cosmo-Eastgate.

{¶ 6} Appellant filed a brief in opposition to defendants' summary judgment motion on April 1, 2021. In opposing defendants' motion, appellant argued that the open-and-obvious doctrine was inapplicable. Appellant appeared to argue that the attendant circumstances exception to the open-and-obvious doctrine applied because customers were distracted by "observing traffic flow" when walking through the parking lot. Finally, appellant asserted that defendants were jointly responsible for maintaining the parking lot where the accident occurred.

{¶ 7} In support of his argument that the speed bumps did not constitute an open and obvious condition, appellant submitted an expert report from Ethan Rogers, an expert witness in the area of traffic safety. Rogers opined that the speed bumps in the parking lot in front of Marc's were not properly installed, and that the improper installation "created a trip and slip hazard to customers who entered and exited the Marc's store." Rogers's report further provides, in relevant part,

The speed bumps as installed at [Marc's] do not infringe on the crosswalks, but nonetheless interfered with the anticipated and foreseeable paths of pedestrian traffic who commonly would elect not to utilize the marked crosswalk. The improper placement of the bumps created a tripping or sliding hazard for customers and pedestrians who would be expected to walk with attention focused on the motor vehicle traffic present in the parking lot. Further, installing the bumps in an asymmetrical fashion, [defendants] created a significant risk of injury to pedestrians that was not obvious because of its variation from standard best practices.

{¶ 8} On May 12, 2021, the trial court granted defendants' motion for summary judgment. The trial court concluded, in relevant part, that the speed bumps constituted an open and obvious danger:

The speedbumps were painted yellow so that they would be easily seen. Speedbumps are a common item in parking lots and are designed to protect pedestrians. The speedbumps did not impede upon the crosswalk. The speedbumps were open and obvious. [Appellant] did not see them because he was looking for his car, not because they were difficult to see.

{¶ 9} Based on its finding that the open-and-obvious-hazard doctrine applied, the trial court did not address the alternative argument that defendants Marc's and Marc Glassman, Inc., d.b.a. Marc's Grocery & Pharmacy Store were entitled to summary judgment because the parking lot in which appellant tripped and fell was within the exclusive control of defendant Cosmo-Eastgate.

{¶ 10} On June 11, 2021, appellant filed the instant appeal challenging the trial court's judgment. Appellant assigns one error for review:

I. The trial court erred in finding that no issue of material fact remained and that summary judgment was appropriate when plaintiff's expert opinion and the record evidence required denial of the summary judgment.

## II. Law and Analysis

## A. Summary Judgment

{¶ 11} In his sole assignment of error, appellant argues that the trial court erred in granting defendants' motion for summary judgment.

### 1. Standard of Review

{¶ 12} Summary judgment, governed by Civ.R. 56, provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial. In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

{¶ 13} The moving party has the initial responsibility of establishing that it is entitled to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

**{¶ 14}** Once the moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the burden shifts to the nonmoving party to put forth evidence demonstrating the existence of a material issue of fact that would preclude judgment as a matter of law. *Dresher* at *id.* In order to meet this burden, the nonmoving party may not merely rely upon allegations or denials in his or her pleadings, and must set forth specific facts, by affidavit or as otherwise provided in Civ.R. 56(E), demonstrating the existence of a genuine issue of material fact for trial. *See Houston v. Morales*, 8th Dist. Cuyahoga No. 106086, 2018-Ohio-1505, ¶ 7, citing *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Dresher* at *id.*

## 2. Negligence

**{¶ 15}** Appellant alleged in his complaint that his injuries were a direct and proximate result of defendants' negligence.

**{¶ 16}** In order to establish an actionable negligence claim, a plaintiff must show the existence of a duty, a breach of that duty, and resulting proximate injury. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). Duty is the threshold issue in the context of a negligence claim — if there is no duty, there can be no negligence. *See Kumar v. Sevastos*, 2021-Ohio-1885, 174 N.E.3d 398, ¶ 28 (8th Dist.), citing *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13.

{¶ 17} It is undisputed that appellant was an invitee of Marc's. An invitee is a person who enters another's property by invitation, express or implied, for a purpose that is beneficial to the property owner. *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). The owner owes a duty to "exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Id.*, citing *Presley v. Norwood*, 36 Ohio St.2d 29, 31, 303 N.E.2d 81 (1973); *see also Motes v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97090, 2012-Ohio-928, ¶ 9 ("[I]n the absence of proof that the owner or its agents created the hazard, or that the owner or its agents possessed actual or constructive knowledge of the hazard, no liability may attach.").

{¶ 18} As noted above, defendants moved for summary judgment, in part, on the basis that appellant's negligence claim failed under the open-and-obvious-hazard doctrine.

{¶ 19} An owner does not owe invitees a duty to warn of dangers that are open and obvious. *Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 5. The open-and-obvious doctrine is a complete bar to any negligence claims when applicable. *Id.*; *see also Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992) ("[T]he open and obvious nature of the hazard itself serves as a warning.").

> The open-and-obvious doctrine emphasizes the nature of the dangerous condition itself, rather than the nature of the plaintiff's conduct in encountering it. *Armstrong* at ¶ 13. "[I]t is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Id.*

*Kumar*, 2021-Ohio-1885, 174 N.E.3d 398, at ¶ 30.  In order for the open-and-obvious doctrine to apply, the hazard need not be observed, but only observable. *Hopkins v. Greater Cleveland Regional Transit Auth.*, 2019-Ohio-2440, 139 N.E.3d 491, ¶ 16 (8th Dist.); *Bonner v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 96924, 2012-Ohio-86, ¶ 27.

{¶ 20} In support of its summary judgment motion, defendants submitted portions of the transcript from appellant's deposition and photographs of the area in front of Marc's where the accident occurred.  Appellant testified during his deposition that his view of the speed bump was not obstructed in any way.  Appellant stated that the sun had risen and that it was light outside.  Appellant also asserted that the weather was clear.  The record reflects that the speed bumps in the parking lot were yellow.

{¶ 21} Appellant provided the following account of what transpired when he exited the store:  "As I exited the store, I came out the exit door, which is a different door than the entrance.  As I turned to walk into the street, *I looked up to see where my car was*, and then I remember — next thing I remember I was tripping and falling forward, and hit the ground." (Emphasis added.)  Appellant confirmed again that he did not see the speed bump because he was looking for his car when he exited the store.  Appellant agreed that there was nothing physically preventing him from observing the speed bump prior to his fall.

{¶ 22} In opposing defendants' motion for summary judgment, appellant did not dispute his deposition testimony that nothing prevented him from observing the

speed bump itself at the time of the fall. Rather, appellant argued that the defective installation of the speed bump was not open and obvious, nor readily observable. Appellant emphasized that because the speed bumps were installed across the traffic lanes in front of the store, rather than within a lane of traffic, the installation of the speed bumps "deviat[ed] from standard best practices installation[.]"

{¶ 23} In support of his brief in opposition, appellant directed the trial court to Rogers's expert report in which Rogers opined that the "location and placement of the [speed] bumps was improper and hazardous, and clearly resulted in [appellant's] trip and fall." As noted above, Rogers further opined that the manner in which the speed bumps were installed in the parking lot "created a significant risk of injury to pedestrians that was not obvious because of its variation from standard best practices."

{¶ 24} The trial court concluded that any danger posed by the speed bumps in the parking lot was open and obvious. After reviewing the record, we agree that under the open-and-obvious-hazard doctrine, defendants had no duty to warn appellant about the speed bumps in the parking lot.

{¶ 25} In this appeal, appellant argues that Rogers's expert report alone establishes a genuine issue of material fact that precluded judgment as a matter of law in defendants' favor. Appellant contends that by deviating from the best practices and safety standards for speed bump installation, defendants created a hazard that was not open and obvious. Appellant's reliance on the best practices

and safety standards for speed bump installation and Rogers's expert report are misplaced.

{¶ 26} As an initial matter, we find no merit to appellant's argument that the trial court "explicitly disregarded" Rogers's expert opinion. Appellant's brief at 13. Appellant conflates the following two issues: (1) whether the speed bumps were open and obvious, and observable, and (2) whether the speed bumps were installed in accordance with the best practices or safety standards. While the latter issue certainly requires expert testimony, the trial court concluded that the former issue did not. The trial court explained that expert testimony was "not helpful" in determining whether the speed bumps were open and obvious, and that this issue was "a simple question of fact within the realm of understanding of a layperson." We agree.

{¶ 27} These two issues are entirely different. If a speed bump is not properly installed in accordance with the best practices and safety standards, the speed bump, and any danger it poses, can still be open and obvious. We find no merit to appellant's attempt to use the second issue and Rogers's expert opinion to circumvent the application of the open-and-obvious doctrine.

{¶ 28} After reviewing the record, we find that appellant's negligence claim fails as a matter of law under the open-and-obvious doctrine. Appellant's deposition testimony established that he tripped and fell on the speed bump in the parking lot and that nothing was obstructing his view of the speed bump. Accordingly, the

speed bump was readily observable. *Hopkins*, 2019-Ohio-2440, 139 N.E.3d 491, at ¶ 16 (8th Dist.); *Bonner*, 8th Dist. Cuyahoga No. 96924, 2012-Ohio-86, at ¶ 27.

**{¶ 29}** The open and obvious nature of any danger posed by the speed bump obviated any duty defendants had to warn appellant of the danger. The presence of the speed bumps in the parking lot constituted an open and obvious condition that appellant should have observed and taken the appropriate measures to protect himself against as he exited the store and walked through the parking lot to his vehicle.

**{¶ 30}** Finally, appellant appeared to argue in his brief in opposition that the attendant circumstances exception to the open-and-obvious-hazard doctrine applied because pedestrians were distracted by observing the flow of traffic in front of the store.

**{¶ 31}** "'Attendant circumstances, however, can create an exception to the open and obvious doctrine and render summary judgment inappropriate.'" *Hatto v. McLaughlin*, 8th Dist. Cuyahoga No. 109307, 2020-Ohio-3374, ¶ 33, quoting *Carter v. Forestview Terrace L.L.C.*, 2016-Ohio-5229, 68 N.E.3d 1284, ¶ 18 (8th Dist.).

> Attendant circumstances are typically distractions that would draw a person's attention away from the open and obvious danger, thus reducing the degree of ordinary care that person may exercise at the time. *See Johnson v. Regal Cinemas, Inc.*, 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761. "'Attendant circumstances' refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 20.

> Ohio courts have held that "a plaintiff who claims attendant circumstances must be able to point out differences between ordinarily encountered conditions and the situation that actually confronted the plaintiff. The breadth of the attendant circumstances exception does not encompass the common or the ordinary." *Cooper v. Meijer Stores L.P.*, 10th Dist. Franklin No. 07AP201, 2007-Ohio-6086, ¶ 17.

*Humble v. Boneyard Westlake, L.L.C.*, 8th Dist. Cuyahoga No. 104348, 2016-Ohio-8149, ¶ 8-9.

{¶ 32} As noted above, Rogers opined in his expert report that customers' attention would be "focused on the motor vehicle traffic present in the parking lot" rather than on the pavement where the speed bumps were placed. Appellant failed to establish, however, that his attention was diverted from the speed bumps in any way by a distraction, much less a significant distraction, at the time of the fall. *Hatto* at ¶ 35.

{¶ 33} Appellant did not testify that his attention was diverted by traffic in the parking lot. Nor did appellant establish that the traffic in the parking lot at the time he fell was any different than the traffic a shopper would normally encounter in that parking lot. *See Bounds v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 90610, 2008-Ohio-5989, ¶ 25, citing *Cooper v. Meijer Stores L.P.*, 10th Dist. Franklin No. 07AP-201, 2007-Ohio-6086. "Vehicles and other pedestrians are commonplace in a store parking lot. Without more, they do not create a distraction, or attendant circumstance, that would reduce the degree of care an ordinary person would exercise." *Bounds* at *id.*, citing *Cooper*. In fact, it is likely that appellant

encountered less vehicle traffic than a shopper would ordinarily encounter in that parking lot because the accident occurred at 7:45 a.m. on a Sunday.

{¶ 34} Appellant testified during his deposition that his view of the speed bump was not obstructed in any way. He was also not distracted by the flow of traffic in the parking lot. Appellant was looking for his own car in the parking lot when he tripped and fell on the speed bump. This does not constitute a distraction that was beyond appellant's control. *See Walworth v. Khoury*, 8th Dist. Cuyahoga No. 109898, 2021-Ohio-3458, ¶ 31, quoting *Johnson v. Southview Hosp.*, 2d Dist. Montgomery No. 25049, 2012-Ohio-4974, ¶ 17 ("[a]ttendant circumstances are 'beyond the control of the injured party [and] do not include regularly encountered, ordinary, or common circumstances.'"). Accordingly, the attendant circumstances exception is inapplicable in this case.

{¶ 35} For all of the foregoing reasons, and viewing the evidence in favor of appellant, as the nonmoving party, as we must, we find that there are no genuine issues of material fact that existed for trial regarding defendants' duty to appellant. The speed bumps in the parking lot were an open and obvious condition, and the attendant circumstances exception is inapplicable. The trial court properly granted summary judgment in favor of defendants on appellant's negligence claim.

{¶ 36} Because we find that appellant's negligence claim fails as a matter of law under the open-and-obvious doctrine, we need not consider the alternative issue regarding whether the parking lot was within the exclusive control of defendant Cosmo-Eastgate.

{¶ 37} Appellant's sole assignment of error is overruled.

{¶ 38} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
LISA B. FORBES, J., CONCUR